Kimberly WAMBOLT and Wade Wambolt,
Plaintiffs-Appellants-Petitioners,

v.

WEST BEND MUTUAL INSURANCE CO.,
Chong Ae Jones and
American Family Mutual Insurance Co.,
Defendants,

ILLINOIS FARMERS INSURANCE CO.,
Defendant-Respondent.

Supreme Court

*No. 2005AP1874. Oral argument October 31, 2006.
—Decided March 21, 2007.*

2007 WI 35

(Also reported in 728 N.W.2d 670.)

724

725

■■■■■■
■■■■■■
■■■

For the plaintiffs-appellants-petitioners there were briefs by *Martha H. Heidt,* Mondovi; *Ardell W. Skow; Doar, Drill & Skow, S.C.,* Baldwin, and *Bye, Goff, Rohde & Skow, Ltd.,* River Falls, and oral argument by *Martha H. Heidt.*

For the defendant-respondent there was a brief by *Timothy J. Eiden, Trisha A. Vicario,* and *Hansen, Dordell, Bradt, Odlaug & Bradt, P.L.L.P.,* Menomonie, and oral argument by *Timothy J. Eiden.*

An amicus curiae brief was filed by *G. Michael Halfenger, Michael S. Heffernan,* and *Foley & Lardner LLP,* Madison and Milwaukee, on behalf of the Appellate Practice Section of the State Bar of Wisconsin.

¶ 1. ANN WALSH BRADLEY, J. This is a review of an unpublished court of appeals' decision and order dismissing for lack of jurisdiction an appeal of a June 6, 2005, order of the Circuit Court for Burnett County.[1] The court of appeals determined that the June 6 order was not an appealable order pursuant to Wis. Stat. § 808.03(1) (2003–04).[2] Rather, it concluded that a "Memorandum Decision" entered by the circuit court on April 25, 2005, granting Illinois Farmers' motion for summary judgment was the final document for purposes of appeal. Because the Wambolts' notice of appeal was filed 79 days after the April 25 Memorandum

---

[1] *See Wambolt v. West Bend Mut. Ins. Co.,* No. 2005AP1874, unpublished order (Wis. Ct. App. Dec. 9, 2005) (dismissing for lack of jurisdiction an appeal of an order of the Circuit Court for Burnett County, Michael J. Gableman, Judge).

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Decision, the court of appeals dismissed the appeal for lack of jurisdiction because it was untimely.

¶ 2. The Wambolts contend that the court of appeals erred in determining that the Memorandum Decision entered by the circuit court constitutes a "final order" or "final judgment" within the meaning of § 808.03(1). They assert that their notice of appeal was timely filed, and that the court of appeals therefore has jurisdiction over their appeal.

¶ 3. We determine that because the circuit court's Memorandum Decision did not contain an explicit statement either dismissing the entire matter in litigation or adjudging the entire matter in litigation as to one or more parties, it did not constitute a final order or judgment from which an appeal may follow under § 808.03(1). Thus, we conclude that the Wambolts' appeal was timely filed, and that the court of appeals has jurisdiction. We therefore reverse the court of appeals.

¶ 4. In order to further limit the confusion regarding what documents are final orders or judgments for the purpose of appeal, we will, commencing September 1, 2007, require a statement on the face of a document that it is final for the purpose of appeal.[3] Absent such a statement, appellate courts should liberally construe ambiguities to preserve the right of appeal.

---

[3] *Tyler v. The RiverBank,* also released today, sets forth the same requirement, commencing September 1, 2007, that there be a statement on the face of a document that it is the final document for purposes of appeal under Wis. Stat. § 808.03(1). 2007 WI 33, ¶ 25, 299 Wis. 2d 751, 728 N.W.2d 686.

## I

¶ 5. The procedural facts of this case are not in dispute. The case arises out of the Wambolts' claim for underinsured motorist coverage against three insurance companies: Illinois Farmers, American Family Mutual Insurance Company ("American Family"), and West Bend Mutual Insurance Company ("West Bend"). In March 2004, Illinois Farmers moved for summary judgment or, in the alternative, for a declaration that its coverage obligation is subordinate to the obligations of American Family and West Bend. In response, the Wambolts filed a memorandum of law opposing Illinois Farmers' motion.

¶ 6. In August 2004, the circuit court filed a Memorandum Decision on Motions for Summary Judgment in which it denied Illinois Farmers' motion for summary judgment.[4] Illinois Farmers moved the circuit court for reconsideration of the decision denying its motion for summary judgment. A hearing on the motion for reconsideration took place in January 2005.

¶ 7. On April 25, 2005, the circuit court issued a "Memorandum Decision" on reconsideration of Illinois Farmers' motion for summary judgment. In that decision, the court granted Illinois Farmers' motion for summary judgment. It determined that under the relevant law, the Wambolts "have no viable claim as to

---

[4] Following the August 2004 decision, the Wambolts settled their claim with American Family, and American Family was dismissed from the case. West Bend moved for partial summary judgment on the issue of coverage priority in March 2004. The circuit court granted that motion in its August 2004 "Memorandum Decision on Motions for Summary Judgment." The record indicates that West Bend remains in the case but is not a party to this review.

Illinois Farmers." It then stated that "[a]ccordingly, the Motion for Summary Judgment filed on behalf of Illinois Farmers Insurance Company is granted."

¶ 8. Three days later, Illinois Farmers served the Wambolts with a notice of entry of order, which stated that "an Order granting summary judgment in favor of defendant Illinois Farmers Insurance Company was entered on April 25, 2005." A copy of the circuit court's April 25 Memorandum Decision was attached to the notice.

¶ 9. On May 9, 2005, the Wambolts filed a motion for reconsideration of the April 25 Memorandum Decision, and requested a hearing on that motion. On May 26, 2005, the Wambolts sent a letter by facsimile to the circuit court requesting clarification as to whether the Memorandum Decision was intended to be the final judgment in the case. The letter advised the court that memorandum decisions are generally not appealable orders. It noted that the April 25 Memorandum Decision did not order the dismissal of Illinois Farmers, and that the Wambolts therefore believed that the Memorandum Decision was not an appealable order. The letter also reiterated the Wambolts' request for a hearing date on their May 9, 2005, motion for reconsideration. That letter stated as follows:

> We have received Your Honor's Memorandum Decision, dated April 25, 2005, which grants the motion for summary judgment filed on behalf of Illinois Farmers Insurance Company (Illinois Farmers). Illinois Farmers has filed a "Notice of Entry of Order," thereby implying a belief that Your Honor's Order may be the Final Judgment for the case. However, the Memorandum Decision does not order the dismissal of Illinois Farmers from the action.

729

Generally, a trial court's memorandum decision is not an appealable order. See *Sprangers v. Philippi,* 52 Wis. 2d 403, 190 N.W.2d 136 (1971). Based on the case law, and the lack of any language specifically dismissing Illinois Farmers, it is my belief that the Memorandum Decision is not appealable and that an additional judgment would be required to dispose of the claim on the merits. But if the Memorandum Decision is the Final Judgment, the deadline for filing a Notice of Appeal would be June 9, 2005. I would appreciate clarification of Your Honor's intent in that regard so as to avoid any confusion or litigation in regard to the status of the Memorandum Decision.

¶ 10. The circuit court issued an order on June 6, 2005, stating two things. First, it stated that "[i]t is hereby ordered that the Plaintiff's [May 9, 2005] Motion for Reconsideration is denied." Second, it stated that "for the reasons stated in the Court's Memorandum Decision of April 25, 2005, Illinois Farmers Insurance Company is dismissed from this action."

¶ 11. On June 15, 2005, Illinois Farmers served the Wambolts with a second notice of entry of order, to which it attached the June 6, 2005, order. On July 12, 2005—36 days after the circuit court's June 6 order, and 79 days after the circuit court's April 25 Memorandum Decision—the Wambolts filed a notice of appeal of the circuit court's June 6 order.

¶ 12. In a split decision, the court of appeals determined that the April 25 Memorandum Decision was final for the purposes of appeal under Wis. Stat. § 808.03(1). Thus, it determined that the Wambolts' July 12, 2005, notice of appeal was not timely filed under Wis. Stat. § 808.04(1).[5] The court of appeals

---

[5] Section 808.04(1) states:

therefore concluded that it lacked jurisdiction, and it dismissed the Wambolts' appeal.

## II

¶ 13. This case presents the issue of whether a memorandum decision may constitute a final order or judgment from which appeal may follow under Wis. Stat. § 808.03(1).

¶ 14. Determining whether the April 25, 2005, Memorandum Decision constitutes a final order or judgment for the purposes of appeal is a question of law subject to independent appellate review. *Harder v. Pfitzinger,* 2004 WI 102, ¶ 8, 274 Wis. 2d 324, 682 N.W.2d 398.

## III

¶ 15. Appeals pursuant to Wis. Stat. § 808.03(1) are a fundamental aspect of litigation in this state. Nevertheless, the question of what constitutes a final order or final judgment from which a party may appeal continues to arise. We addressed the question less than three years ago in *Harder,* where we held that:

> when an order or a judgment is entered that disposes of all of the substantive issues in the litigation, as to one

(1) INITIATING AN APPEAL. An appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law. Time limits for seeking review of a nonfinal judgment or order are established in s. 809.50.

> or more parties, as a matter of law, the circuit court intended it to be the final document for purposes of appeal, notwithstanding the label it bears or subsequent actions taken by the circuit court.

274 Wis. 2d 324, ¶ 2. However, as this case and others demonstrate, despite our best efforts in *Harder*, uncertainty continues.[6] Our task, therefore, is to add further clarity in answering the questions of whether and how a memorandum decision is a final order or final judgment within the meaning of § 808.03(1).

¶ 16. We begin our analysis by looking at the statute. The right to appeal derives from § 808.03(1). It provides:

> A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as

---

[6] *See e.g., Tyler v. The RiverBank,* 2007 WI 33, 299 Wis. 2d 751, 728 N.W.2d 686 (released today) (whether a circuit court's denial of post-trial motions constitutes a final order for purpose of appeal); *VerHaagh v. Farah,* No. 2005AP1966, unpublished order (Wis. Ct. App. February 27, 2006), petition for review filed March 29, 2006 (whether parties and circuit court can agree that a decision is not a final judgment or order and whether a circuit court's stay of a summary judgment order can impact whether a document constitutes a final order); *Cathedral Place v. KBS Construction,* No. 2006AP1199, unpublished order (Wis. Ct. App. July 12, 2006), petition for review filed Aug. 11, 2006 (whether court of appeals has jurisdiction over an appeal from a circuit court order vacating an arbitration award regardless of whether that order takes an ancillary motion under advisement); *Sanders v. Sanders,* No. 2006AP424, unpublished slip op. (Wis. Ct. App. June 7, 2006), petition for review filed July 6, 2006 (questioning which of several orders in probate proceeding constitutes final order for sake of appeal).

to one or more of the parties, whether rendered in an action or special proceeding, and that is one of the following:

(a) Entered in accordance with s. 806.06(1)(b) or 807.11(2).

(b) Recorded in docket entries in ch. 799 cases.

(c) Recorded in docket entries in traffic regulation cases prosecuted in circuit court if a person convicted of a violation may be ordered to pay a forfeiture.

(d) Recorded in docket entries in municipal ordinance violation cases prosecuted in circuit court.

¶ 17. The first sentence of the statute circumscribes our inquiry. It directs that "unless otherwise expressly provided by law," only a final order or final judgment may be appealed as a matter of right. Accordingly, the Wambolts argue that the April 25, 2005, Memorandum Decision is not a final order or final judgment for purposes of appeal on the ground that memorandum decisions cannot be final orders or final judgments under § 808.03(1) as a matter of law.

¶ 18. Although there are numerous cases that tackle issues regarding when an order or judgment is appealable as a matter of right, the number of cases that address the issue of whether a memorandum decision can be appealed as a matter of right is limited.[7] The Wambolts rely primarily on two cases in support of

---

[7] As we explained in *Harder v. Pfitzinger,* whether a document constitutes an "order" or "judgment" under § 808.03(1) is no longer an important distinction. 2004 WI 102, ¶ 14, 274 Wis. 2d 324, 682 N.W.2d 398. The traditional distinction between judgments, which determine actions, and orders, which determine special proceedings, has been blurred under Wis. Stat. § 801.01, which defines actions as including special pro-

their argument. In *Wick v. Mueller*, 105 Wis. 2d 191, 313 N.W.2d 799 (1982), the circuit court issued a memorandum decision that a jury award was excessive, and subsequently issued an order for a new trial on the issue of damages. *Id.* at 193. The supreme court determined that the plaintiff's appeal from the memorandum decision was "a nullity, for under no circumstances is an opinion or memorandum decision of a court appealable. Only orders or judgments which are final and which have been appropriately entered in the clerk's office are appealable . . . ." *Id.* at 193–94 (citations omitted).

¶ 19. The Wambolts also rely on *Vogt v. Schroeder*, 129 Wis. 2d 3, 383 N.W.2d 876 (1986), for the proposition that memorandum decisions are not appealable as a matter of right under § 808.03(1). There, this court noted that the court of appeals and the parties had treated the memorandum decision as an order of the circuit court. The *Vogt* court opined that such proce-

ceedings. Similarly, the court of appeals has determined that "[t]he distinctions between judgment and order for purposes of appeal are now largely nonexistent." *Booth v. American States Ins. Co.,* 199 Wis. 2d 465, 473–74, 544 N.W.2d 921 (Ct. App. 1996). Rather, what matters is whether it is a final order or final judgment. *Id.* at 474. *See also* R. George Burnett, et al., *Wisconsin Trial Practice,* § 15.14, (1999).

The parties advanced at oral arguments, and we agree, that "disposition" in Wis. Stat. § 808.03(1) refers to the resolution of chapter 799 cases, resolution of traffic regulation cases, and resolution of municipal ordinance violations under §§ 808.03(1)(b)-(d). These do not require written orders or judgments filed with the clerk of court for appeal to follow, as is required under § 808.03(1)(a). Rather, final resolutions under § 808.03(1)(b)-(d) may be recorded in docket entries. *See City of Sheboygan v. Flores,* 229 Wis. 2d 242, 247, 598 N.W.2d 307 (Ct. App. 1999); *General Tel. Co. of WI, Inc. v. A Corp.,* 147 Wis. 2d 461, 463 n. 1, 433 N.W.2d 264 (Ct. App. 1988).

dure "does not comport with appropriate appellate practice." *Id.* at 24. Nonetheless, the court declined to hold "at this point" that neither the supreme court nor the court of appeals had jurisdiction. Instead, it relied on the discretionary right to accept an appeal from a non-final order under Wis. Stat. § 808.03(2). *Id.*

¶ 20. If our jurisprudence regarding appeals from memorandum decisions ended with the above two cases, our task would be simple and the answer would be clear. However, other cases, with statements found mostly in footnotes, point in a different direction.

¶ 21. For example, in *Soergel v. Raufman,* 154 Wis. 2d 564, 453 N.W.2d 624 (1990), this court characterized a memorandum decision as an "order" sufficient for appeal under § 808.03(1). The court stated that "[w]e conclude that this decision is final and appealable because under the circumstances of this case no further order or judgment was contemplated." *Id.* at 566, n.1 (citing *Fredrick v. City of Janesville,* 92 Wis. 2d 685, 686–87, 285 N.W.2d 655 (1979)). Similarly, in *Fox v. Wisconsin Dep't of Health & Social Services,* 112 Wis. 2d 514, 334 N.W.2d 532 (1983), this court cited *Fredrick* for the proposition that a memorandum decision "is appealable if it constitutes an order or judgment that is, a final ruling of the court." *Id.* at 517, n.1.

¶ 22. In *State v. Dekker,* 112 Wis. 2d 304, 332 N.W.2d 816 (Ct. App. 1983), the state appealed from a circuit court memorandum decision dismissing a criminal complaint. The court of appeals noted that no order or judgment had been entered, but wrote the following:

> In *Fredrick* the supreme court acknowledged that a memorandum opinion or decision may constitute an order if it in fact constitutes the final ruling of the court. . . . We hold that the trial court's memorandum

735

decision here constitutes a final order because the trial court contemplated that this document was to be final.

*Id.* at 306, n.1.

¶ 23. In *Monicken v. Monicken,* 226 Wis. 2d 119, 121 n.1, 593 N.W.2d 509 (Ct. App. 1999) the court of appeals again exercised its jurisdiction to hear an appeal based on a memorandum decision. In that case, the court of appeals noted that the parties' failure to raise the question of whether a memorandum decision may constitute a final order does not waive the issue. Rather, the court noted that absent such a final order, it lacked jurisdiction to take the appeal in the first place. *Id.* at 121 n.1, citing *Thomas/Van Dyken Joint Venture v. Van Dyken,* 90 Wis. 2d 236, 241, 279 N.W.2d 459 (1979).[8] Ultimately, it determined, however, that the memorandum decision sufficed for appeal under § 808.03(1) "because it disposes of the entire matter in litigation and was entered when filed in the clerk's office." *Id.*

¶ 24. In addressing whether memorandum decisions can be appealed as a matter of right, this court's decisions appear to offer something to all sides. We agree, generally, with the Wambolts that memorandum decisions are not appealable as a matter of right. They usually do not fulfill the initial requirement under § 808.03(1) that appeals as of right emanate only from final orders or judgments. Rather, they generally serve to explain or memorialize a court's reasoning. As explained more fully below, a court's legal reasoning, standing alone, does not constitute a final order or judgment.

---

[8] *See also* Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin,* §§ 4.2, 4.15 (3d ed. 2003).

¶ 25. Nevertheless, we acknowledge that memorandum decisions can be and have been appealed as a matter of right. Such an acknowledgement, however, is merely a springboard for our next inquiry: under what circumstances is a memorandum decision transformed into a final order or final judgment within the meaning of § 808.03(1), from which appeal may follow as a matter of right?

## IV

¶ 26. For guidance in this inquiry, we again examine § 808.03(1). The second sentence of the statute provides direction: "A final judgment or final order is a judgment, order or disposition *that disposes of the entire matter in litigation as to one or more of the parties . . . .*" (emphasis added).

¶ 27. In examining the second sentence of the statute, we explained in our recent decision in *Harder* that whether an order or judgment is final for the purpose of appeal turns on the answer to two questions. The first is whether the document is final as a matter of substantive law insofar as it disposes of the entire matter in litigation as to one or more parties. The second is whether the document is final because it is the last document in the litigation, which is to say that the circuit court did not contemplate a subsequent document from which appeal could be taken. *Harder,* 274 Wis. 2d 324, ¶ 12 (citing *Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 494, 326 N.W.2d 240 (1982)).

¶ 28. In *Harder,* the circuit court granted the defendants' motions for · summary judgment of dismissal. The same day it entered a document labeled "Order for Judgment," which explicitly dismissed each cause of action against each defendant, and which stated that "the entire action is hereby dismissed with preju-

dice." 274 Wis. 2d 324, ¶ 6. After two defendants' attorneys served notice of entry of order on the other parties, another party submitted a document labeled "Judgment" to the court's clerk. That second document was entered almost two months after the order for judgment. *Id.,* ¶ 7. The plaintiffs filed a notice of appeal that would have been timely if the "Judgment" document was the final document for purpose of appeal, but untimely if the "Order for Judgment" was the final document for purpose of appeal. *Id.,* ¶ 9.

¶ 29. We determined that the language of the circuit court's order for judgment constituted an "unequivocal order to dismiss all of the claims against each party" and that "[t]he only task that remained after the circuit court issued the order for judgment was the determination of the amount of costs." *Id.,* ¶ 17. This led to our conclusion, which we set forth in both introductory and concluding paragraphs of the opinion, that

> when an order or judgment is entered that disposes of all of the substantive issues in the litigation, as to one or more parties, as a matter of law, the circuit court intended it to be the final document for purposes of appeal, notwithstanding the label it bears or subsequent actions taken by the circuit court.

*Id.,* ¶ 2, ¶ 19.

¶ 30. *Harder* therefore does three things. First, it ties the determination of whether a circuit court intends a document to be final to the question of whether that document disposes of all the substantive issues in litigation as to one or more parties.[9] Second, it estab-

---

[9] It is worth noting here that the effect of *Harder*'s holding is to dispense with the "intent" part of the finality test. Under *Harder* disposing of all substantive issues with respect to a party indicates that the circuit court intended the document to

lishes that a document containing explicit language dismissing an entire matter as to one or more parties disposes of the entire matter as to those parties. Third, it demonstrates that neither the label of a document nor the subsequent actions taken by the circuit court is dispositive of that document's finality under § 808.03(1).

¶ 31. Thus, under *Harder,* a memorandum decision that explicitly dismisses the entire matter in litigation as to one or more parties, disposes of that matter. Further, where a memorandum decision disposes of the entire matter as to one or more parties, as a matter of

---

be final *as a matter of law.* 274 Wis. 2d 324, ¶ 2. Thus, an affirmative answer to the question of whether an order or judgment disposes of the substantive issues with respect to one or more parties entails a negative answer to the question of whether the circuit court contemplated that there would be a subsequent document from which appeal could be taken. Further, a negative answer to the question of whether an order or judgment disposes of the substantive issues obviates the need to reach the question of intent, for an order that fails to dispose of the substantive issues in a litigation with respect to one or more parties cannot be a final order or final judgment under the plain meaning of Wis. Stat. § 808.03(1).

The question of whether the document is final as a matter of substantive law insofar as it disposes of the entire matter in litigation as to one or more of the parties is therefore the appropriate focus. Section 808.03(1) defines a final order or final judgment as one that "disposes of the entire matter in litigation as to one or more of the parties." Whether such a document "disposes of all of the claims brought in the litigation as to one or more of the parties," *Harder,* 274 Wis. 2d 324, ¶ 12, is simply a recasting of the question of whether that document "disposes of the entire matter in litigation as to one or more of the parties" under § 808.03(1). *Harder* therefore serves to refocus our attention on the language of the statute itself.

law the circuit court intends that memorandum decision to be a final order or judgment for the purpose of appeal. It therefore constitutes a final order or judgment under § 808.03(1).

¶ 32. The court of appeals determined that because the April 25 Memorandum Decision "decided" that Illinois Farmers was entitled to summary judgment, it disposed of the entire matter in litigation as to Illinois Farmers. *Wambolt v. West Bend Mut. Ins. Co.,* No. 2005AP1874, unpublished order, ¶ 3 (Wis. Ct. App. Dec. 9, 2005). However, the court of appeals misconstrued our holding in *Harder.* Rather than focusing on what it takes for a document to "dispose of the entire matter in litigation as to one or more parties," it focused on *Harder*'s use of "decide" in the following discussion:

> when a circuit court enters an order or a judgment that *decides* all substantive issues as to one or more parties, as a matter of law, the circuit court intended that to be the final document for purposes of appeal, notwithstanding subsequent actions by the circuit court or the label the document bears.

*Harder,* 274 Wis. 2d 324, ¶ 15 (emphasis added). The court of appeals reasoned that the April 25 Memorandum Decision had "decided all substantive issues as to Illinois Farmers" and that it was therefore a final order under § 808.03(1). *Wambolt,* unpublished order, ¶ 3.

¶ 33. The court of appeals' rationale seems to be that because the circuit court engaged in legal reasoning and reached a conclusion about the law in its April 25 Memorandum Decision, it "decided" all substantive issues as to Illinois Farmers.[10] This, however, misinterprets *Harder.* To the extent that *Harder* can be read to

---

[10] Our decision here moves away from the language in *Harder* that focuses on whether a document has disposed of all

mean that a memorandum decision that engages in legal reasoning and reaches conclusions of law is tantamount to "dispos[ing] of the entire matter in litigation as to one or more of the parties," we take this opportunity to clarify our discussion in *Harder.*

¶ 34. The order for judgment in *Harder* did not contain legal reasoning that led to a legal conclusion.[11] Rather, it simply and explicitly dismissed all of the causes of action in the case. This contrasts with the April 25 Memorandum Decision in the present case, which explains the court's legal reasoning and legal conclusion, but does not explicitly dismiss or adjudge the case against Illinois Farmers. The sense in which the order for judgment "decided" the case in *Harder* is therefore different than the sense in which the Memorandum Decision decides the present case. "Deciding" a case in the sense of merely analyzing legal issues and resolving questions of law does not dispose of an entire matter in litigation as to one or more parties. Rather, consistent with Wis. Stat. § 808.03(1), the circuit court

─────────────

of the "substantive issues" in litigation. It is certainly the case where substantive issues remain, a document dismissing or adjudging only part of the action cannot constitute a final order or final judgment for purpose of appeal under § 808.03(1). However, the appropriate focus in determining whether the document is final is the language of the statute: whether it "disposes of the entire matter in litigation as to one or more parties."

 [11] Note that whether a document contains legal reasoning is not the crucial question in determining whether that document disposes of the entire matter in litigation as to one or more parties. Rather, what matters is whether the document contains explicit language dismissing or adjudging the entire matter in litigation as to one or more parties.

must act by explicitly dismissing or adjudging the entire matter in litigation as to one or more parties.[12]

¶ 35. The April 25 Memorandum Decision also does not constitute an "unequivocal order to dismiss all of the claims," *Harder*, 274 Wis. 2d 324, ¶ 17, as to Illinois Farmers; it contains no language dismissing or adjudging the Wambolts' claims. Further, in contrast with *Harder*, where the only remaining task after the circuit court issued the order for judgment was a determination of costs, here there remained an important task after the circuit court entered the April 25 Memorandum Decision, namely, to actually dispose of the case by dismissing or adjudging it.[13] Thus, the final order in *Harder* is distinct from the Memorandum Decision in this case, and *Harder* does not support the conclusion that the Memorandum Decision was a final document for purposes of appeal. Rather, *Harder* establishes that for an order to dispose of an entire matter in litigation as to one or more defendants, it must contain

[12] We use "adjudging" here to cover cases in which it is a judgment that disposes of the matter. For example, documents disposing of a matter in favor of the party bringing the action will often state "it is adjudged that . . . ." In order to be a final judgment for purpose of appeal under § 808.03(1), such a document will require that or similar explicit language adjudging the matter.

[13] Illinois Farmers argues that because only dismissal follows from granting summary judgment, the circuit court's decision "disposed" of all substantive issues, and therefore constitutes a final order. This is incorrect for the same reason that the court of appeals' reasoning is incorrect: "deciding" in the sense of memorializing legal reasoning is not the functional equivalent of "disposing" of the case, which requires an explicit statement dismissing or adjudging an entire matter in litigation as to one or more parties.

explicit language dismissing or adjudging the entire matter as to one or more parties.[14]

¶ 36. Focusing on *Harder*'s use of "dispose" rather than "decide" not only comports with the language of § 808.03(1), but also is consistent with this state's jurisprudence regarding final orders and judgments. We have consistently articulated the test for a document's finality in terms of "dispose" rather than "decide."[15]

[14] Illinois Farmers argues that the view that a final order must contain explicit language of dismissal conflicts with the court of appeals' decision in *Contardi v. American Family Mutual Ins. Co.*, 2004 WI App 104, 273 Wis. 2d 509, 680 N.W.2d 828. *Contardi* involved a "Decision and Order" that stated "the defendant's motion for summary judgment is *granted." Id.*, ¶ 3 (emphasis in original). The court of appeals determined that because the words of the document do not indicate that the circuit court intended to enter another document, the "Decision and Order" constituted a final order for purpose of appeal. *Id.* ¶ 9. *Contardi,* however, antedates *Harder,* according to which courts infer intent from whether a document disposes of the entire matter in litigation as to one or more parties. Under *Harder* and the present case, language that merely grants a motion for summary judgment does not suffice to dispose of an entire matter in litigation.

[15] *See, e.g., Shuput v. Lauer,* 109 Wis. 2d 164, 172, 325 N.W.2d 321 (1982) ("the judgment of foreclosure and sale determines the rights of the parties and disposes of the entire matter in litigation"); *Bearns v. Dep't of Industry, Labor & Human Relations,* 102 Wis. 2d 70, 78, 306 N.W.2d 22 (1981) ("We believe those cases were properly appealable as of right because in each the disposition in the trial court disposed of the entire matter in litigation."); *State v. Rabe,* 96 Wis. 2d 48, 56, 291 N.W.2d 809 (1980) ("Orders which '[dispose] of the entire matter in litigation' are appealable by right; all other orders are appealable only by permission." (brackets in original)); *Leske v. Leske,* 185 Wis. 2d 628, 633, 517 N.W.2d 538 (Ct. App. 1994) ("the pendency of a claim for attorney's fees under a specific

¶ 37. Additional sources support this distinction. A commentator on Wisconsin appellate practice offers the following guidance:

> [P]ractitioners are well advised to heed the rules limiting appeals to orders and judgments and work with the circuit court to ensure that the action or special proceeding receives a final disposition by an order or judgment that is clearly recognizable as such. Attorneys should not attempt to construe decisions as orders or judgments.

Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin,* § 4.2 (4th ed. 2006). Similarly, another commentator on Wisconsin practice advises that a "memorandum decision may set forth [the court's] findings of fact and conclusions of law. However, unless the court specifically orders or adjudges a particular matter, the memorandum decision is simply a memorialization of the court's reasoning." R. George Burnett, et al., *Wisconsin Trial Practice,* § 15.14 (1999).

¶ 38. The Appellate Practice Section of the State Bar of Wisconsin further clarifies this distinction in its amicus brief. It notes that a judge may view memorandum decisions merely "as expressing his or her reasons for a particular order, rather than being the order itself." It warns that focusing on whether all substantive issues have been decided "might result in an up-tick in late-filed appeals and collateral litigation over whether the time to appeal began."

---

fee-shifting statute does not render a judgment or order nonfinal, provided that the judgment or order disposes of all of the substantive causes of action between the parties"). *See also Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 494, 326 N.W.2d 240 (1982)).

¶ 39. Thus, in order to "dispose" of the matter under § 808.03(1), a memorandum decision must contain an explicit statement either dismissing the entire matter in litigation or adjudging the entire matter in litigation as to one or more parties. This conclusion is consistent with our decision in *Harder*, which was based upon an order explicitly dismissing the entire matter in litigation as to several parties.[16] Further, Wisconsin jurisprudence has consistently focused on whether a document "disposes" of a matter—rather than whether it "decides" a matter—in determining whether that document is a final order or final judgment within the meaning of § 808.03(1). Finally, this is the view that comports with the sources that discuss Wisconsin trial and appellate practice.

¶ 40. Because the April 25, 2005, Memorandum Decision does not contain an explicit statement dismissing or adjudging the entire matter in litigation as to one or more parties, it is not a final order or final judgment within the meaning of § 808.03(1). Rather, the June 6, 2005, order, which does contain an explicit statement dismissing the entire matter against Illinois Farmers, is the final, appealable order. The Wambolts' notice of appeal was therefore timely filed, and the court of appeals has jurisdiction.

V

¶ 41. Although we have addressed under what circumstances a memorandum decision can become a

---

[16] The focus of our discussion is on final orders and judgments that may be appealed as a matter of right. Wis. Stat. § 808.03(1). Non-final orders and judgments are appealable only by permission of the court. Wis. Stat. § 808.03(2).

final order or judgment for purposes of § 808.03(1), we are mindful that questions regarding what constitutes finality may linger, and in other contexts, may abound. In numerous cases, the finality questions continue to arise despite our past efforts to provide certainty.[17] This is unacceptable in our system where the determination of finality is the lynchpin for jurisdiction on appeal.

¶ 42. We all agree that the rules for appellate procedure should be clear. We nod our collective heads in affirming that the rules should not serve as traps for the unwary. But why, we ask, do the unwary continue to be trapped?

¶ 43. We have attempted to resolve this dilemma in the past by encouraging and urging that there be clear statements of finality on the face of the document. In *Radoff* we encouraged the use of a clear statement of finality by heralding the wisdom of the practice: "It may be wise for the last document to indicate on its face that for purposes of appeal it is the final order or judgment and that no subsequent document is contemplated." 109 Wis. 2d at 494. More recently in *Harder* we focused on the desirability of the practice: "Accordingly, we stress again the desirability of drafting the final document—be it an order or judgment—to specifically state that it is intended to be the final document in the litigation for purposes of appeal." 274 Wis. 2d 324, ¶ 18. *See also* Heffernan, *Appellate Practice,* § 4.15.

¶ 44. Our advice regarding clarity has not had the desired effect, and there is no reason to think that simply reiterating it here will resolve the confusion. Going forward, we therefore will require that final

---

[17] *See* note 6, *supra.*

orders and final judgments state that they are final for purposes of appeal.[18]

¶ 45. A document does not fulfill this requirement with a particular phrase or magic words. Rather, the document must simply make clear, with a statement on its face, that it is the document from which appeal may follow as a matter of right under § 808.03(1).

¶ 46. We anticipate that there may be final orders and judgments that arguably dispose of the entire matter in litigation as to one or more of the parties, but which do not contain a clear statement that they are the documents from which appeal of right may follow.[19] In such cases, the appropriate course is to liberally con-

---

[18] The federal system addresses the need for clarity with respect to finality by requiring that courts enter a separate document constituting final judgment. Fed. R. Civ. P. 58 (2006); Fed. R. App. P. 4(a)(7), 4(b)(6) (2006). In its amicus brief in this case, the Appellate Practice Section of the State Bar of Wisconsin suggests such a "separate trigger" rule for Wisconsin. While a separate document would provide clarity, the federal rule has also presented some challenges. *See* Daniel S. Tomson, Note, *Rule 58's Dirty Little Secret: The Problematic Lack of Uniform Enforcement of Federal Rule of Civil Procedure 58 within the Federal Court System,* 36 Val. U. L. Rev. 767 (Summer 2002). Unless and until our current rules are modified, the requirement of the statement on finality which we embrace above provides additional clarity within our existing appellate procedures.

[19] Likewise there may be cases in which a document states that it is final for purposes of appeal under § 808.03(1), but does not actually "dispose of the entire matter in litigation as to one or more of the parties" as required by § 808.03(1). Such a document cannot be a final order or final judgment under the plain language of the statute. Circuit courts should therefore be mindful of whether a document stating that it is final for purposes of appeal does in fact dispose of the entire matter in litigation as to one or more parties.

strue documents in favor of timely appeals.[20] That is, absent explicit language that the document is intended to be the final order or final judgment for purposes of appeal, appellate courts should liberally construe ambiguities to preserve the right of appeal.

¶ 47. Such a liberal construction places an impetus for clarity on the prevailing party. It will want to avoid extending the time for appeal. Rather, the interests of the prevailing party will be furthered if the document contains explicit language regarding finality for purposes of appeal and thus begins the running of the clock for filing notice of appeal under § 808.04(1). As noted in *Harder*, however, the person aggrieved by the final order or judgment may have an even larger incentive to include such an explicit statement in the document. In the face of uncertainty, the time to appeal may begin to run and the right to appeal may be lost. *Harder*, 274 Wis. 2d 324, ¶ 18.

¶ 48. The clarity provided by requiring that a final order contain explicit language dismissing or adjudging the entire matter in litigation as to one or more parties should forestall situations such as the one in the present case. The Wambolts justifiably believed that a memorandum decision did not constitute a final, appealable order or judgment. This led to their May 26, 2005, letter to the circuit court requesting clarification about the April 25, 2005, Memorandum Decision. With the requirement

---

[20] *See Soquet v. Soquet*, 117 Wis. 2d 553, 560, 345 N.W.2d 401 (1984), which states that "[t]he general rule is that '[s]tatutes giving the right of appeal are liberally construed, and an interpretation which will work a forfeiture of that right is not favored.' " (quoting 3 *Sutherland Statutory Construction* § 67.08 (1974)); Norman J. Singer, *Statutes and Statutory Construction* (6th Ed. 2003), § 67.10.

that a final document state that it is final for purpose of appeal, litigants will need look only to the face of the document.

¶ 49. The decision whether to apply a new rule of law prospectively is a matter of policy. *State v. Picotte*, 2003 WI 42, ¶ 45, 261 Wis. 2d 249, 661 N.W.2d 381. The new requirement of a clear statement on the face of a document stating that it is the final document from which appeal may follow under Wis. Stat. § 808.03(1) is an effort to bring clarity to the question of when the clock for filing appeals begins to run. However, because implementing the new requirement for cases in which final orders or judgments have already been entered would cause more confusion than clarity, policy requires that the new rule apply purely prospectively. It will not apply to cases for which a final order or final judgment has already been entered, because to do so may transform what previously was thought to be final into a non-final order or judgment. Rather, the requirement will begin for final orders and final judgments entered after September 1, 2007.[21]

---

[21] Courts may apply a new rule of law "prospectively" in different ways. *See* Thomas E. Fairchild, *Limitation of New Judge-Made Law to Prospective Effect Only: "Prospective Overruling" or "Sunbursting"*, 51 Marq. L. Rev. 254, 258–67 (1967–68). For example, the new rule may be applied only to future events, and not to the case in which the rule is announced. *See id.* at 255. It may also be applied to the case in which the rule is announced, and to future events, but not to conduct that has already occurred. *Harmann v. Hadley*, 128 Wis. 2d 371, 378, 382 N.W.2d 673 (1986). It may also be applied to some future date, as is the case here. *See* Fairchild, *Limitation of New Judge-Made Law*, at 262; *Widell v. Holy Trinity Catholic Church*, 19 Wis. 2d 648, 657, 121 N.W.2d 249 (1963).

## VI

¶ 50. In sum, we determine that because the circuit court's memorandum decision did not contain an explicit statement either dismissing the entire matter in litigation or adjudging the entire matter in litigation as to one or more parties, it did not constitute a final order or judgment from which an appeal may follow under § 808.03(1). Thus, we conclude that the Wambolts' appeal was timely filed, and that the court of appeals has jurisdiction. We therefore reverse the court of appeals. In order to further limit the confusion regarding what documents are final orders or judgments for the purpose of appeal, we will, commencing September 1, 2007, require a statement on the face of a document that it is final for the purpose of appeal. Absent such a statement, appellate courts should liberally construe ambiguities to preserve the right of appeal.

*By the Court.*—The decision of the court of appeals is reversed.