Gerald TYLER, Plaintiff-Appellant-Petitioner,

v.

THE RIVERBANK,
Defendant-Third-Party Plaintiff-Respondent,

ABC INSURANCE COMPANY, Defendant,

v.

Bianca TYLER, Third-Party Defendant.

Supreme Court

*No. 2005AP2336. Oral argument October 31, 2006.
—Decided March 21, 2007.*

## 2007 WI 33

(Also reported in 728 N.W.2d 686.)

For the plaintiff-appellant-petitioner there were briefs by *Stephanie L. Finn, Jay E. Heit, Dennis M. Sullivan,* and *Herrick & Hart, S.C.,* Eau Claire, and oral argument by *Dennis M. Sullivan.*

For the defendant-third-party plaintiff-respondent there was a brief by *Peter M. Reinhardt* and *Bakke Norman SC,* Menomonie, and oral argument by *Peter M. Reinhardt.*

¶ 1. JON P. WILCOX, J. This is a review of an unpublished court of appeals order that dismissed Gerald Tyler's (Tyler) appeal for lack of jurisdiction.[1] Tyler appealed after a jury found in favor of The RiverBank (RiverBank) and the Polk County Circuit Court, Robert H. Rasmussen, Judge, denied his post-verdict motions.

¶ 2. The issue presented is whether Tyler filed a timely notice of appeal[2] subsequent to the circuit court entering the final judgment or final order pursuant to Wis. Stat. § 808.03(1) (2005–06).[3] We hold that Tyler filed a timely notice of appeal because the June 16, 2005

---

[1] *Tyler v. The RiverBank,* No. 2005AP2336, unpublished order (Wis. Ct. App. March 3, 2006).

[2] Section 808.04(1) (2005–06) states:

Initiating an appeal. An appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in s. 806.06 (5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law. Time limits for seeking review of a nonfinal judgment or order are established in s. 809.50.

[3] Section 808.03(1) provides, in pertinent part, the following:

Appeals as of right. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding . . . .

All subsequent references to the Wisconsin Statutes are to the 2005–06 version, unless otherwise stated.

Judgment, and not the May 24, 2005 Order, constituted the § 808.03(1) document. Accordingly, we reverse the court of appeals.[4]

¶ 3. The bench and bar should note the focus when identifying the final document for purposes of appeal: a final document must include an explicit statement either dismissing the entire matter in litigation as to one or more parties or adjudging the entire matter in litigation as to one or more parties. Focusing on the existence of an explicit statement will clarify when a document disposes of the entire matter in litigation and is final for purposes of appeal.

I

¶ 4. This case arose from Tyler's lawsuit against RiverBank for breach of contract, breach of fiduciary duty, negligence, exemplary damages, and actual attorney's fees. Tyler claimed that RiverBank allowed unauthorized withdrawals from his individual retirement account and certified deposit accounts held at the bank.

¶ 5. RiverBank filed a motion for summary judgment on all of Tyler's claims. The circuit court granted RiverBank summary judgment in part, specifically for Tyler's claims related to exemplary damages, actual attorney's fees, and breach of fiduciary duty associated with the certified deposit accounts.

---

[4] The court's holding in this matter is consistent with our holding in *Wambolt v. Illinois Farmers Insurance Co.*, 2007 WI 35, 299 Wis. 2d 723, 728 N.W.2d 670, which has been released the same day. For a more elaborate discussion of the finality of judgments and orders pursuant to Wis. Stat. § 808.03(1), *see Wambolt.*

¶ 6. Tyler's remaining claims were tried before a jury. On March 31, 2005, the jury found that RiverBank was not liable and that Tyler was not damaged.

¶ 7. Tyler filed post-verdict motions. He challenged the sufficiency of the evidence to support the jury's verdict. In the alternative, he requested a new trial. The court heard his motions on May 4, 2005, and denied both. On May 24, 2005, the court entered a document titled "Order Denying Post-Trial Motions" (Order). In the Order, the court denied Tyler's motions and made findings to support its rulings.

¶ 8. On June 16, 2005, the court entered a document titled "Judgment" (Judgment). It read as follows: "Based upon the jury verdict of March 31, 2005, the claims of Plaintiff are dismissed with prejudice."

¶ 9. Neither party filed a notice of entry of judgment or order pursuant to Wis. Stat. § 808.04(1), meaning Tyler had 90 days to file a notice of appeal. Tyler filed a notice of appeal 88 days after the circuit court entered the Judgment and 110 days after the circuit court entered the Order.

¶ 10. As a preliminary matter, the court of appeals questioned the timeliness of Tyler's notice of appeal. Specifically, it asked the parties whether the Order denying Tyler's post-trial motions was the final document for purposes of appeal, making Tyler's filing untimely. RiverBank argued that because no substantive issues remained after the court denied Tyler's post-trial motions, the Order constituted the final document. Conversely, Tyler argued that the Judgment was the final document for purposes of appeal because the Order failed to dispose of all the substantive issues.

¶ 11. The court of appeals dismissed Tyler's appeal for lack of jurisdiction. It agreed with RiverBank that the Order was the final document because there

was "abundant credible evidence to support the jury's verdict, there were either no errors or harmless error at trial, [and] the verdict was not inadequate and was consistent with the findings in the verdict form." The court of appeals concluded that after the Order denying post-trial motions, there were no additional substantive issues to be disposed. Therefore, the Order constituted the final document, Tyler failed to file a timely notice of appeal, and the court of appeals lacked jurisdiction to hear Tyler's appeal.

¶ 12. Tyler filed a petition for review, which was granted. The issue presented is whether Tyler filed a timely notice of appeal subsequent to the circuit court entering the final judgment or order pursuant to Wis. Stat. § 808.03(1). This presents a question of law, which is reviewed de novo. *Harder v. Pfitzinger,* 2004 WI 102, ¶ 8, 274 Wis. 2d 324, 682 N.W.2d 398.

II

¶ 13. Whether the court of appeals had jurisdiction over Tyler's appeal turns on which of two documents constitutes the § 808.03(1) document. If the Order is the final document, Tyler failed to file a timely notice of appeal: he would have been 20 days late. If the Judgment is the final document, Tyler succeeded in filing a timely notice of appeal: he would have had two days to spare. The opposing potential outcomes of this case highlight the significance of accurately identifying the final document.

¶ 14. The statutory language providing that a final judgment or a final order triggers a litigant's ability to appeal as of right, provides, in pertinent part, the following: "A final judgment or final order is a

757

judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties." Wis. Stat. § 808.03(1). This court has recently held that:

> when an order or a judgment that disposes of all of the substantive issues is entered in the litigation, as to one or more parties, as a matter of law, the circuit court intended it to be the final document for purposes of appeal, notwithstanding the label it bears or subsequent actions taken by the circuit court.

*Harder*, 274 Wis. 2d 324, ¶ 2. Viewing the documents presented in the *Harder* case, we concluded that the circuit court's order for judgment was final because it was an "unequivocal order to dismiss all of the claims against each party." *Id.*, ¶ 17.

¶ 15. As we noted in *Wambolt v. Illinois Farmers Insurance Co.*, 2007 WI 35, ¶ 29, 299 Wis. 2d 723, 728 N.W.2d 670, *Harder* does three things.

> First, it ties the determination of whether a circuit court intends a document to be final to the question of whether that document disposes of all the substantive issues in litigation as to one or more parties. Second, it establishes that a document containing explicit language dismissing an entire matter as to one or more parties disposes of the entire matter as to those parties. Third, it demonstrates that neither the label of a document nor the subsequent actions taken by the circuit court is dispositive of that document's finality under § 808.03(1).

¶ 16. In spite of this court's effort in *Harder*, confusion remains as parties and courts attempt to identify the § 808.03(1) document. Two scenarios seem to cause confusion. Scenario one is when a document, other than a judgment or order, arguably disposes of the

758

entire matter in litigation as to one or more parties.[5] Scenario two is when a court enters two documents and each arguably disposes of the entire matter in litigation as to one or more parties. This case falls into scenario two because the court entered the Judgment subsequent to entering the Order. The parties each argue that a different document constitutes the final document for purposes of appeal.

¶ 17. A common area of confusion in both scenarios is the meaning of the term "dispose." To dispose of an entire matter in litigation, a court must make an explicit statement of finality. A court disposes of the entire matter in litigation in one of two ways: (1) by explicitly dismissing the entire matter in litigation as to one or more parties or (2) by explicitly adjudging the entire matter in litigation as to one or more parties. To define "dispose" in the negative, a court merely addressing, or deciding, substantive issues is not enough to qualify as disposing of them.

¶ 18. This case provides an example of the difference between disposing of the entire matter of litigation as to one or more parties and addressing all of the substantive issues. With *Harder* and § 808.03(1) as our guides, we turn to determining which of the two documents in this case was final.

¶ 19. The Order, in and of itself, does not dispose of the entire matter in litigation. Its language is narrowly focused on deciding Tyler's post-trial motions. The Order stated the following, in pertinent part:

---

[5] Although the first scenario does not arise in this case, the court dealt with that issue in *Wambolt,* 299 Wis. 2d 723, which was released today.

This matter came before the Honorable Robert Rasumussen on May 4, 2005, pursuant to Plaintiff's Motions after Verdict. . . . The Court having considered the parties' briefs and upon hearing the parties' oral arguments,

FINDS AND ORDERS AS FOLLOWS:

1. Plaintiff's motion to change answers in the verdict, pursuant to Wis. Stats. Section 805.14, is denied.

2. The Court finds that the record is replete with abundant credible evidence to support the jury's verdict in this case. The statutory grounds to change answers in the verdict are, therefore, not present in this case.

3. Plaintiff's request for a new trial based upon errors in the trial is denied.

4. The Court finds that there were no errors in the trial.

5. The Court finds that, in the event errors did occur, any errors would constitute harmless error.

6. Plaintiff's request for a new trial based upon his contention that the jury's verdict was against the weight of the credible evidence is denied.

7. The Court finds that there was abundant credible evidence to support the verdict and that the verdict was not against the weight of the credible evidence.

8. Plaintiff's request for a new trial based upon his contention that the jury's verdict [is] against the weight of the credible evidence is denied.

9. The Court finds that the jury verdict was not inadequate and the portions of the jury's verdict, as challenged by plaintiff, were consistent with its

findings in the verdict form and its answers to the questions preceding the challenged questions.

10. Plaintiff's request for a new trial, in the interests of justice is denied.

11. The Court finds that the plaintiff was afforded, in all respects, a fair trial, that there is substantial evidence in the record to support the jury's verdict, and that there is nothing in the record to justify a new trial.

12. Plaintiff's request for a new trial, in the interests of justice, is denied.

Although the Order includes a series of motion denials and findings to support them, it does not include any language related to the disposal of Tyler's claims. The Order lacked any language such as, "the claims of the Plaintiff are dismissed with prejudice."

¶ 20. Likely, because of our lack of precision in defining "dispose" previously, the court of appeals focused on whether the court decided the substantive issues. It agreed with RiverBank that the Order was the final document because there was "abundant credible evidence to support the jury's verdict, there were either no errors or harmless error at trial, [and] the verdict was not inadequate and was consistent with the findings in the verdict form." The court of appeals concluded that after the Order denying post-trial motions, there were no additional substantive issues to be disposed.

¶ 21. The court of appeals' analysis focuses on Tyler's chances of prevailing on his claims after the denial of his post-verdict motions, rather than whether the court actually disposed of Tyler's claims. It considered the evidence, the potential nature of any errors at trial, and characteristics of the verdict, but did not

consider that the Order lacked an explicit statement disposing of Tyler's claims. Because the Order lacked an explicit statement that disposed of Tyler's claims, we conclude that the Order did not constitute the § 808.03(1) document.

¶ 22. The Judgment, while simple, disposed of the entire matter in litigation by stating the following: "Based upon the jury verdict of March 31, 2005, the claims of Plaintiff are dismissed with prejudice." The language leaves no doubt that the court disposed of all of Tyler's claims. It constitutes the § 808.03(1) document because it is the first and only document to dispose of the entire matter in litigation after the jury verdict.

¶ 23. We hold that Tyler filed a timely notice of appeal because the Judgment, and not the Order, constituted the § 808.03(1) document.

### III

¶ 24. The *Harder* court took the opportunity to "stress again the desirability of drafting the final document—be it an order or judgment—to specifically state that it is intended to be the final document in the litigation for purposes of appeal." *Harder,* 274 Wis. 2d 324, ¶ 18. Unfortunately, the friendly suggestion failed to take hold as a uniform practice.

¶ 25. Today, the court has taken a further step to provide a definitive means of knowing whether a document is the § 808.03(1) document. From September 1, 2007 forward, the final document will have "a statement on the face of [it] that it is final for the purpose of appeal. Absent such a statement, appellate courts should liberally construe ambiguities to preserve the

762

right of appeal." *Wambolt,* 299 Wis. 2d 723, ¶ 3. This rule, when applied with § 808.03(1), provides a clear means of determining when the time to file a notice of appeal commences.

¶ 26. For clarity, note that a document constitutes the final document for purposes of appeal when it satisfies each of the following conditions: (1) it has been entered by the circuit court, (2) it disposes of the entire matter in litigation as to one or more parties, and (3) it states on the face of the document that it is the final document for purposes of appeal. In the (hopefully) rare cases where a document would otherwise constitute the final document, but for not including a finality statement, courts will construe the document liberally in favor of preserving the right to appeal.

## IV

¶ 27. We conclude that Tyler filed a timely notice of appeal because the Judgment constituted the § 808.03(1) document. Although the Order addressed the substantive issues of the case, it did not dispose of the entire matter in litigation as to one or more parties. The Judgment disposed of the entire matter in litigation as to one or more parties. Because Tyler filed a timely notice of appeal, the court of appeals had jurisdiction.

¶ 28. *By the Court.*—The decision of the court of appeals is reversed.