COURT OF APPEALS
DECISION
DATED AND FILED

November 7, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP624**

STATE OF WISCONSIN

Cir. Ct. No. 2016FA752

IN COURT OF APPEALS
DISTRICT IV

IN RE THE MARRIAGE OF:

TATIANA S. LAITER,

    PETITIONER-RESPONDENT,

 V.

MICHAEL LYUBCHENKO,

    RESPONDENT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed and cause remanded with directions*.

Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Michael Lyubchenko appeals the property division portion of a judgment dissolving his marriage to Tatiana Laiter.   Lyubchenko argues that the circuit court erred by:   (1) double counting Laiter's interest in a business she owned and operated with a third party; (2) misapplying the marital waste doctrine; (3) erroneously determining the value of Laiter's business; and (4) failing to rule on how the parties would split visitation-related travel expenses for their minor child.   For the reasons discussed below, we affirm the judgment of the circuit court, and remand the matter to the circuit court for an exercise of its discretion on the issue of who will pay for visitation-related travel expenses.

**BACKGROUND**

¶2    Lyubchenko and Laiter were married in 1998 and, following a trial, were divorced effective August 31, 2017.   The parties had two children together, one of whom was a minor at the time of their divorce.   The circuit court entered an order on February 5, 2018, resolving the issues of maintenance, property division, child support, and insurance expenses for the parties' minor child.   The order required Lyubchenko to pay Laiter an equalization payment of $56,063 by March 15, 2018.   Lyubchenko moved for reconsideration, and the circuit court denied his motion.   The circuit court then entered findings of fact, conclusions of law, and a judgment of divorce on May 23, 2018.

¶3    Lyubchenko now appeals, challenging several aspects of the court's division of property.[1]   Lyubchenko petitioned this court for relief pending appeal

---

[1]  The notice of appeal filed in this matter states that Lyubchenko is seeking review of the property division order entered on February 5, 2018, and the March 19, 2018 order denying his motion for reconsideration.  We note that, although the February 5, 2018 order states on its face that it is "final," the record reflects that a judgment of divorce disposing of the entire matter in
(continued)

in the form of a stay of the circuit court judgment. In an order issued April 5, 2018, this court granted a partial stay of the circuit court judgment and ordered that "Lyubchenko shall only be required to pay Laiter $38,164.50 until further order of this court."

## STANDARD OF REVIEW

¶4      Property division is within the circuit court's discretion. *Noble v. Noble*, 2005 WI App 227, ¶15, 287 Wis. 2d 699, 706 N.W.2d 166. We will uphold the court's division of property "if the court gave rational reasons for its decision and based its decision on facts in the record." *Id.*

---

litigation as to the parties was later entered on May 23, 2018. *See Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶¶45-46, 299 Wis. 2d 723, 728 N.W.2d 670.

Lyubchenko asserts that the circuit court lacked jurisdiction to enter the May 23, 2018 judgment because his notice of appeal, filed on April 2, 2018, "had already divested the court of jurisdiction." Lyubchenko is incorrect on this point. Under WIS. STAT. § 808.075(3) (2017-18), "the circuit court retains the power to act on all issues until the record has been transmitted to the court of appeals." Docket entries indicate that the record was not transmitted to this court until June 11, 2018. Therefore, the circuit court had the power to enter the divorce judgment on May 23, 2018, and that judgment is final for purposes of appeal.

In light of the above, the notice of appeal filed by Lyubchenko on April 2, 2018, was premature. In order to preserve jurisdiction over this appeal, we apply WIS. STAT. § 808.04(8) (2017-18), which provides, "If the record discloses that the judgment or order appealed from was entered after the notice of appeal or intent to appeal was filed, the notice shall be treated as filed after that entry and on the day of the entry."

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

## DISCUSSION

### 1. Double-Counting Argument

¶5      Lyubchenko argues that the circuit court erred in its division of the marital estate because it double counted Laiter's fifty percent interest in a bakery that Laiter owned and operated with a third party.  The value of the bakery was disputed at trial, with each party presenting conflicting evidence.  The circuit court ultimately found the bakery to be valued at $68,510.

¶6      We reject Lyubchenko's argument that the circuit court double counted Laiter's interest in the bakery when dividing the marital estate.  Lyubchenko correctly asserts that the marital balance sheet considered by the circuit court lists a sum of $68,510 under the "values" column for the bakery.  However, the court's February 5, 2018 order regarding property division makes clear that the court valued Tatiana's fifty percent share of the bakery at $34,255, and did not include the full value of the bakery in the marital estate.

### 2. Marital Waste

¶7      Next, Lyubchenko argues that the circuit court erred by applying the marital waste doctrine to his depletion of funds in a personal checking account held in his name with First Internet Bank.  The account was referred to in the circuit court proceedings as "Account 203."  We reject this argument because the judgment of divorce explicitly states that "the Court found that there was evidence presented that this was not a marital waste case[.]"  Rather, the court found that the factors under WIS. STAT. § 767.61 supported an unequal division of property, and concluded that "Michael's marital assets shall reflect an additional $40,000 for his Account 203."  The record reflects that, in support of an unequal division of

property, the court considered all of the statutory factors under § 767.61(3)(a)-(m) and applied them to the relevant facts. Lyubchenko does not make any argument to the contrary and, therefore, has failed to show that the circuit court erroneously exercised its discretion as to Account 203.

### 3. Business Valuation

¶8 Lyubchenko next challenges the circuit court's valuation of Laiter's ownership interest in the bakery. The circuit court found the value of the bakery to be $68,510. This value was derived by adding the value of the equipment, which the parties stipulated to be $30,691, to the balance in the business bank account. The court then calculated Laiter's 50% ownership interest in the bakery at $34,255.

¶9 "A value determination is a finding of fact which will not be set aside unless clearly erroneous." ***Rodak v. Rodak***, 150 Wis. 2d 624, 633, 442 N.W.2d 489 (Ct. App. 1989). Here, both parties presented expert witness testimony regarding the value of the bakery. Laiter also introduced testimony of several other witnesses in the baking industry. The record reflects that the circuit court based its valuation of the bakery largely on credibility assessments of the witnesses.

¶10 The court found Lyubchenko's expert witness, accountant Mary Raabe, not to be credible. Specifically, the court noted that Raabe was evasive on cross-examination and did not provide any factual basis for her opinion that the bakery had hidden income. On the other hand, the court found Laiter's expert, Michael Elmaleh, to be credible in his opinions about the shortcomings in Raabe's report.

¶11     The court also credited the testimony of Eunice Scott, a former bakery owner and former president of a baker's association.  Scott, who had owned a bakery for over thirty years, testified that it was difficult to find a buyer for her bakery when she wanted to retire.  Scott also testified that, when she did eventually find a buyer, the buyer was primarily interested in the building, not the bakery operation.  Scott had to self-finance the transaction, and received little more than the assessed value of the building as a sale price.

¶12     The circuit court also credited testimony from Olga Fremova, who had negotiated with Laiter to buy the bakery at issue here, but was willing to pay only the value of the equipment and ultimately did not make an offer.  Fremova testified that she later opened her own bakery, but closed it after two years and was unable to sell the business, and had to sell off the equipment piece by piece.

¶13     Generally, this court will not overturn credibility determinations on appeal unless the testimony upon which they are based is "inherently or patently incredible or in conflict with the uniform course of nature or with fully established or conceded facts."  *Global Steel Prods. Corp. v. Ecklund Carriers, Inc.*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.  Given that the court's valuation of the bakery here relied heavily on credibility findings, and that those findings are supported by the record, we will not disturb that valuation on appeal.

### 4. *Visitation-Related Travel Expenses*

¶14     The parties agree that the circuit court failed to make a ruling on the issue of who would be responsible for travel expenses related to transport of their minor child from Wisconsin to Texas for visitation with Lyubchenko.  The issue was raised at trial by both parties.  Laiter requested that Lyubchenko be responsible for one hundred percent of visitation-related travel expenses.

Lyubchenko argued that the parties should split the expenses evenly. Because the circuit court failed to decide the issue of who should pay for visitation-related travel expenses, Lyubchenko argues that the matter should be remanded. Laiter argues that travel expenses are akin to child support and that, because Lyubchenko was ordered to pay child support, he should also be responsible for travel expenses. However, Laiter fails to support this position with any legal authority.

¶15 The exercise of discretion is an essential function of the circuit court, and this court will look for reasons to sustain a discretionary determination, rather than independently review it as we would do for an alleged error of law. *Burkes v. Hales*, 165 Wis. 2d 585, 590-91, 478 N.W.2d 37 (Ct. App. 1991). Here, however, the circuit court failed to make any ruling on the issue of visitation-related travel expenses. The record therefore lacks any discretionary decision for this court to review.

¶16 We remand the matter to the circuit court for an exercise of its discretion on the issue of who will pay for visitation-related travel expenses. On all other matters discussed in the parties' briefs, the judgment is affirmed. The partial stay that was granted by prior order of this court is hereby lifted.

*By the Court.*—Judgment affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.