ECKER BROTHERS,
Plaintiff-Appellant,†

v.

CALUMET COUNTY,
Defendant-Respondent.

Court of Appeals

*No. 2007AP2109. Submitted on jurisdiction memoranda
November 6, 2007.—Decided April 16, 2008.*

2008 WI App 81

(Also reported in 752 N.W.2d 356.)

† Petition to review granted 9/11/08.

244

On behalf of the plaintiff-appellant, the cause was submitted on the memoranda of *Joseph R. Cincotta, Law Offices of Joseph R. Cincotta* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the memoranda of *Andrew A. Jones, Whyte Hirschboeck Dudek, S.C.*, of Milwaukee.

Before Brown, C.J., Snyder and Neubauer, JJ.

¶ 1. PER CURIAM. Applying *Wambolt v. West Bend Mutual Insurance Co.*, 2007 WI 35, 299 Wis. 2d

723, 728 N.W.2d 670, and *Tyler v. River Bank*, 2007 WI 33, 299 Wis. 2d 751, 728 N.W.2d 686,[1] we hold that a circuit court order expressly dismissing the claims of Ecker Brothers "in their entirety with prejudice" and awarding costs was a final order for purposes of appeal, notwithstanding the presence in the order of the following: "[j]udgment shall hereafter be separately entered in favor of the County consistent with this Order." Because Ecker's notice of appeal was not timely filed in relation to this order, we lack jurisdiction. Therefore, this appeal is dismissed.

¶ 2. The record on appeal reveals the presence of a likely problem with our jurisdiction. On September 10, 2007, Ecker filed a notice of appeal from a June 12, 2007 judgment. In addition to the June 12 judgment, the record also contains a May 30, 2007 "Order on Parties' Cross-Motions for Summary Judgment." In the May 30 order, the circuit court disposed of the parties' motions for summary judgment and expressly "dismissed" Ecker's claims "in their entirety with prejudice." The court also awarded statutory costs and disbursements to the County and stated that "[j]udgment shall hereafter be separately entered in favor of the County consistent with this Order."

¶ 3. In an order directing the parties to file memoranda discussing our jurisdiction, we questioned whether the language in the May 30 order rendered it final within the meaning of Wis. Stat. § 808.03(1)

---

[1] Both *Wambolt v. West Bend Mutual Insurance Co.*, 2007 WI 35, 299 Wis. 2d 723, 728 N.W.2d 670, and *Tyler v. River Bank*, 2007 WI 33, 299 Wis. 2d 751, 728 N.W.2d 686, were decided on March 21, 2007, more than two months before the order in this case was entered.

(2005–06).[2] If so, then the notice of appeal was not timely filed in relation to the May 30 order, and we would lack appellate jurisdiction to review the grant of summary judgment and the dismissal of Ecker's claims. WIS. STAT. RULE 809.10(1)(e).[3] We also asked the parties to discuss whether the May 30 order's reference to the entry of a subsequent judgment rendered the May 30 order non-final.

¶ 4. An appeal as of right can only be filed from a final judgment or final order; an order is final if it disposes of the entire matter in litigation as to one or more parties. WIS. STAT. § 808.03(1). In *Tyler*, the court stated that "[a] court disposes of the entire matter in litigation in one of two ways: (1) by explicitly dismissing the entire matter in litigation as to one or more parties or (2) by explicitly adjudging the entire matter in litigation as to one or more parties." *Tyler*, 299 Wis. 2d 751, ¶ 17.

■

¶ 5. Determining whether the May 30 order constitutes a final, appealable order presents a question of law that we determine independently. *Wambolt*, 299 Wis. 2d 723, ¶ 14. Recent pronouncements of our supreme court compel a conclusion that the presence of the dismissal language in the May 30 order renders the

---

[2] WIS. STAT. § 808.03(1) (2005–06) provides:

A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties . . . .

All subsequent references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[3] In this case, the notice of appeal had to be filed within ninety days of entry of the final order. WIS. STAT. § 808.04(1).

order final and appealable, notwithstanding the order's reference to a subsequent judgment and the subsequent entry of a judgment.

¶ 6. In *Wambolt,* the court held that the circuit court's memorandum decision was *not* a final order for purposes of appeal because it "did not contain an explicit statement either dismissing the entire matter in litigation or adjudging the entire matter in litigation as to one or more parties." *Wambolt,* 299 Wis. 2d 723, ¶ 3. *Tyler* reiterated that the focus for finality purposes is on the language of the document and whether the language dismisses or adjudges. *Tyler,* 299 Wis. 2d 751, ¶ 17. Both *Wambolt* and *Tyler* contrast a document in which a circuit court expresses its legal reasoning, or decides the issues, without expressly and explicitly dismissing or adjudging the claims. *Wambolt,* 299 Wis. 2d 723, ¶¶ 33–39; *Tyler,* 299 Wis. 2d 751, ¶ 19. Here, the May 30 order dismisses Ecker's claims after a grant of summary judgment. The May 30 order meets the finality test of *Wambolt* and *Tyler.*[4]

¶ 7. If the May 30 order was final, as we hold, what is the significance of the June 12 judgment? Ecker argues that the June 12 judgment renders the May 30 order non-final; Calumet County takes the opposite view.

¶ 8. The June 12 judgment awarded costs, which does not in itself defeat finality of a prior order. *Harder v. Pfitzinger,* 2004 WI 102, ¶ 17, 274 Wis. 2d 324, 682

---

[4] The May 30 order does not state that it is final for purposes of appeal. However, this requirement, as imposed in *Wambolt,* 299 Wis. 2d 723, ¶ 44, was not in effect at the time the order was entered, *id.,* ¶ 49 (requirement imposed for final orders entered after September 1, 2007).

N.W.2d 398. *Wambolt* makes clear that the finality inquiry is driven by the language of the document under inspection. *Wambolt,* 299 Wis. 2d 723, ¶ 39. *Wambolt* also makes clear that dismissing or adjudging language manifests the circuit court's intent that the document is final as a matter of law. *Id.,* ¶ 30 n.9, discussing *Harder,* 274 Wis. 2d 324, ¶ 2. Furthermore, neither the label of the document nor the circuit court's subsequent action (e.g. entering a judgment) is dispositive of the document's finality. *Wambolt,* 299 Wis. 2d 723, ¶ 30. The May 30 order meets the finality criteria, notwithstanding the presence in the order of a reference to a future judgment or the entry of that judgment.

¶ 9. Ecker argues that the May 30 order was ambiguous on the question of finality, and therefore we should adhere to the direction of the *Wambolt* and *Tyler* courts to construe ambiguity in favor of finding jurisdiction.[5] *Wambolt,* 299 Wis. 2d 723, ¶ 46; *Tyler,* 299 Wis. 2d 751, ¶¶ 25–26. The May 30 order is not ambiguous in its language or intent; the order expressly and explicitly dismissed Ecker's claims, the touchstone of finality under *Wambolt* and *Tyler. Tyler,* 299 Wis. 2d 751, ¶ 17.

¶ 10. We conclude that the May 30 order was the final, appealable order because it disposed of the entire matter in litigation by explicitly dismissing the entire matter in litigation between the parties. *Id.* Because the notice of appeal was not filed within ninety days of

---

[5] As evidence of the May 30 order's ambiguity, Ecker cites this court's order requiring memoranda addressing our jurisdiction. A party should not confuse notice and an opportunity to be heard on the question of whether an appeal should be dismissed with a determination of ambiguity.

entry of that order, WIS. STAT. § 808.04(1), the appeal was not timely commenced, and we lack jurisdiction.[6]

*By the Court.*—Appeal dismissed.

---

[6] The notice of appeal was timely filed in relation to the June 12 judgment. However, Ecker's WIS. STAT. RULE 809.10(1)(d) docketing statement does not set forth a challenge to the award of costs in the June 12 judgment. Furthermore, the responses to our order requiring memoranda discussing our jurisdiction do not indicate that there is any appellate issue relating to the June 12 judgment other than its impact on the finality of the May 30 order.