IN RE the MARRIAGE OF:

Julie Ann CAMPBELL, Petitioner-Respondent,

v.

Larry Charles CAMPBELL, Respondent-Appellant.†

Court of Appeals

*No. 02–0426. Submitted on briefs October 10, 2002.—Decided December 4, 2002.*

2003 WI App 8

(Also reported in 659 N.W.2d 106.)

† Petition to review denied 4-22-03.

676

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Gerard F. Kuchler* of *Kuchler Law Offices*, Waukesha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Kimberly A. Theobald* of *Law Offices of Kimberly A. Theobald*, Waukesha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. Larry Charles Campbell appeals from a circuit court order setting his child support and child support arrearages at 25% of his income. Larry argues that the order is void because it is a retroactive modification of a prior valid support order contrary to Wis. Stat. § 767.32(2w) (1999–2000).[1] Julie Ann Campbell argues that Larry's appeal must be dismissed as untimely under Wis. Stat. § 808.04(1), which requires that an appeal be filed within ninety days of the entry of a final judgment or order. We agree with Julie; therefore, we dismiss Larry's appeal.

¶ 2. We briefly provide background and then restrict our discussion to facts relevant to the timeliness issue. On September 29, 1992, the circuit court, "using the percentage guidelines for two children of 25% (twenty-five)," ordered Larry to pay child support in the amount of $46.51 per week based upon a net personal income of $800.00 per month.

¶ 3. The September 29, 1992 order was still in place in June 1998 when Julie brought a motion for contempt against Larry for failure to notify her and the court of the change in his ability to pay support con-

_____

[1] Wisconsin Stat. § 767.32(2w) provides:

A revision of a judgment or order with respect to child support, family support or maintenance payments has the effect of modifying the original judgment or order with respect to such payments to the extent of the revision from the date on which the order revising such payments is effective. The child support, family support or maintenance payments modified by the order for revision shall cease to accrue under the original judgment or order from the date on which the order revising such payments is effective.

All references to the Wisconsin Statutes are to the 1999–2000 statutes unless otherwise noted.

trary to WIS. STAT. § 767.263(1)[2] and for other relief as the court deemed just and reasonable. Julie's motion was premised on information that Larry was earning wages significantly higher than $800 per month. On August 27, 1998, a temporary order was filed requiring Larry to pay $800 per month based upon Larry's representation to the court that his income had changed to $3200 per month.

¶ 4. Subsequently, a hearing was held to address Julie's contempt motion. As a result, a series of orders followed. First, a September 29, 2000 order set child support but left the amount of arrearages unresolved until a court-ordered audit could be performed.[3] Second, after the audit was performed, an August 7, 2001

[2] WISCONSIN STAT. § 767.263(1) provides:

Each order for child support, family support, or maintenance payments shall include an order that the payer and payee notify the county child support agency under s. 59.53(5) of any change of address within 10 business days of such change. Each order for child support, family support, or maintenance payments shall also include an order that the payer notify the county child support agency under s. 59.53(5), within 10 business days, of any change of employer and of any substantial change in the amount of his or her income, such that his or her ability to pay child support, family support or maintenance is affected. The order shall also include a statement that clarifies that notification of any substantial change in the amount of the payer's income will not result in a change of the order unless a revision of the order is sought.

[3] Specifically, the September 29, 2000 order stated:

This matter having come before the Honorable Lee S. Dreyfus, Jr., circuit court judge, on September 14, 2000. The petitioner, Julie A. Campbell, appeared in person and by her attorney Kimberly A. Theobald. The respondent, Larry C. Campbell, appeared in person, and by his attorney, Gerald F. Kuchler.

THE COURT FINDS that the respondent, Larry Charles Campbell, failed to comply with the requirements of 767.263 by

failing to notify the petitioner or the clerk of courts of a substantial change in his income such that his ability to pay child support is affected.

THE COURT FURTHER FINDS that at the time of the last order emanating from a hearing on September 22, 1992, the statutory provisions of 767.263 were in place and the law in the State of Wisconsin.

THE COURT FURTHER FINDS that because each party had primary placement of one child, there should be no support obligation from either parent to the other for the period of January 1, 1994 through June 30, 1997.

THE COURT FURTHER FINDS the respondent, Larry C. Campbell, in contempt of court for failure to comply with the statutory provisions of 767.263 Stats and finds him in contempt pursuant to 785.02 Stats.

IT IS HEREBY ORDERED that the child support obligation of the respondent for the period July 1, 1997 to December 31, 1997 is set at $990.40 based upon his reported earnings of $3,961.60 per month.

IT IS FURTHER ORDERED that child support for the period January 1, 1998 to December 31, 1998 is set at $1,023.53 based upon his reported gross wages of $4,094.12 per month.

IT IS FURTHER ORDERED that child support for the period January 1, 1999 to June 13, 1999 is set at $1,023.53 based upon the last paystubs provided by the respondent as to his gross earnings. Child support for the period June 14, 1999 through January 31, 2000 is set at $696.00 per month based upon gross earnings of $4,094.12 and payment of child support at the rate of seventeen (17%) percent for one minor child.

IT IS FURTHER ORDERED that the clerk of courts shall update its records and calculate net child support payments due and interest as the above amounts became due at the statutory rate.

IT IS FURTHER ORDERED that child support arrearages for the period through June 30, 1997 are set at - 0 -.

680

fees.[4] Third, a November 16, 2001 order settled the remaining question of attorney's fees.[5]

> IT IS FURTHER ORDERED that a review hearing is set for November 9, 2000 at 9:00 a.m. to set the exact arrearage amount based upon the calculations conducted by the clerk of courts. Payment on that arrearage is withheld to November 9, 2000 at 9:00 a.m.

[4] Specifically, the August 7, 2001 order stated:

> The Court on its own action requested a copy of the transcript from the September 23, 1992 hearing before Judge Zick on this matter. Upon review of the transcript from that hearing, it confirms this court's position that the child support order was, in fact, a percentage order of twenty-five (25%) percent for two children and was not a dollar order.

> IT IS HEREBY ORDERED that the arrearage of record is as set forth in the audit performed by the Child Support Division dated October 31, 2000.

> IT IS FURTHER ORDERED that the respondent, Larry C. Campbell, shall pay the petitioner by wage assignment through the Wisconsin Support Collections Trust Fund $700.00 per month effective August 1, 2001.

[5] Specifically, the November 16, 2001 order stated:

> Based upon all the records, files, and proceedings herein, the Court having resolved the underlying motion and entered an order taking the issue of an attorney fee contribution under advisement, attorney Theobald submitting a billing for fees to the court, with Attorney Kuchler being given an opportunity to respond, I make the following findings.

> FINDINGS OF COURT:

> 1. As previously determined, this was a percentage order.

> 2. Respondent was not in compliance resulting in the need for the matter to come back before the Court.

> IT IS HEREBY ORDERED:

> 1. Respondent shall make a contribution towards petitioner's legal fees.

¶ 5. This case requires us to interpret WIS. STAT. §§ 808.03(1) and 808.04(1) in order to decide whether Larry's appeal was timely.[6] The goal of statutory interpretation is to discern the intent of the legislature. *State v. Davis*, 2001 WI 136, 248 Wis. 2d 986, ¶ 13, 637 N.W.2d 62. The court must ascertain the legislature's intent from the language of the statute in relation to its context, scope, history, and objective intended to be accomplished. *Id.* A cardinal rule in interpreting statutes is to favor an interpretation that will fulfill the purpose of the statute over an interpretation that defeats the manifest objective of the act. *Id.*

¶ 6. In order to determine timeliness, we must first determine which order was the final order of the court because an appeal of right can only be taken from a *final* judgment or order. WIS. STAT. § 808.03(1). Once

---

2. The contribution shall be in the amount of $1,618.75, representing ½ of petitioner's legal fees, said fees found to be reasonable.

3. Said fees shall be paid by February 28, 2002, said fees being paid directly to Attorney Theobald.

[6] WISCONSIN STAT. § 808.03(1) provides in relevant part:

APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties . . . .

WISCONSIN STAT. § 808.04(1) provides:

INITIATING AN APPEAL. An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

this is determined, we can discover if Larry's appeal is timely by calculating whether the appeal date was within ninety days of the final order as is required by WIS. STAT. § 808.04(1).

¶ 7. A final judgment or order is one that disposes of the entire matter in litigation as to one or more of the parties. WIS. STAT. § 808.03(1). In *ACLU v. Thompson*, 155 Wis. 2d 442, 445–48, 455 N.W.2d 268 (Ct. App. 1990), *overruled on other grounds by Edland v. Wisconsin Physicians Service Insurance Corp.*, 210 Wis. 2d 638, 563 N.W.2d 519 (1997), we addressed when a judgment or order will be considered final under § 808.03(1). There, we held that a judgment disposing of a claim under 42 U.S.C. § 1983 is final even though a request for costs and attorney fees under 42 U.S.C. § 1988 remains pending. *ACLU*, 155 Wis. 2d at 446.

¶ 8. In *Leske v. Leske*, 185 Wis. 2d 628, 633, 517 N.W.2d 538 (Ct. App. 1994), we extended the *ACLU* holding to include other statutes and stated the rule as follows: "[T]he pendency of a claim for attorney's fees under a specific fee-shifting statute does not render a judgment or order nonfinal, provided that the judgment or order disposes of all of the substantive causes of action between the parties."

¶ 9. Most recently, in *Laube v. City of Owen*, 209 Wis. 2d 12, 15–16, 561 N.W.2d 785 (Ct. App. 1997), we held that:

> Even if a decision on [litigation] expenses is intertwined with the merits of the case, that does not make the situation different from other attorney fee cases. Any time attorney fees are requested, the opposing side may dispute the necessity of some of the work requiring the court to consider the merits of the case. Nothing in *ACLU* or *Leske* suggests that the finality of an order on

the merits might depend on the kind of analysis that will be necessary to resolve the fee issue. Furthermore, such a conclusion would cause difficulties in practice because it would leave potential appellants uncertain of whether the order on the merits is appealable until after the specific fee issues become clear.

¶ 10. Here we take the next logical step and apply the reasoning in *ACLU*, *Leske* and *Laube* to the family law context. In so doing, we draw the following conclusions. The September 29, 2000 order was not final because child support and arrearages both comprised the "matter in litigation" and the matter of arrearages was left unresolved in this order. *See* WIS. STAT. § 808.03. To conclude otherwise would be to encourage two appeals—one from the order for child support and a second from the order setting the amount of arrearages. Moreover, our conclusion comports with legislative intent because the provisions of § 808.03 were designed to discourage multiple or piecemeal appeals. *See ACLU*, 155 Wis. 2d at 448.

██

¶ 11. The August 7, 2001 order constituted the *final* order of the court. This order settled both the support and arrearages questions and the only question left to be determined was whether attorney's fees would be ordered, and if so, in what amount. The teachings of *ACLU*, *Leske* and *Laube* support our holding that in the family law context an order resolving the merits of a child support dispute but not an attorney's fee issue[7] is final within the meaning of WIS. STAT. § 808.03(1). *See ACLU*, 155 Wis. 2d at 446.

---

[7] The family law statute authorizing the award of attorney's fees is WIS. STAT. § 767.262, which states in pertinent part:

¶ 12. Having established that the August 7, 2001 order is the final order on the merits, we can easily determine whether Larry's appeal from the final order was timely. Pursuant to WIS. STAT. § 808.04(1), Larry's right to appeal this order began to run on August 7, 2001, and ended ninety days later on November 5, 2001. Larry's appeal was filed on February 11, 2002. Larry's appeal was not timely; it therefore warrants dismissal.[8]

*By the Court.*—Appeal dismissed.

---

(1) The court, after considering the financial resources of both parties, may do the following:

 (a) Order either party to pay a reasonable amount for the cost to the other party of maintaining or responding to an action affecting the family and for attorney fees to either party.

[8] In Larry's Notice of Appeal, he states that he is also appealing from the November 16, 2001 circuit court order regarding the award of attorney's fees. This issue has not been briefed or argued on appeal and we deem it abandoned. *See Reiman Assocs., Inc. v. R/A Adver. Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981).