Derek J. Harder and Jill M. Harder, Plaintiffs-Appellants-Petitioners,

v.

Carol L. Pfitzinger, Defendant-Respondent,

Shorewest Realtors, Inc., ABC Insurance Company, XYZ Insurance Company, Mary Kay Sheridan, Ronald Novak, and EFG Insurance Company, Third-Party Defendants,

Shorewest Realtors, Inc., Mary Kay Sheridan, David J. Pfitzinger, Revere, Ltd, d/b/a Revere Realty Ltd and Chicago Insurance Company, Fourth-Party Defendants.

Supreme Court

*No. 03–1817. Oral argument March 24, 2004.—Decided July 7, 2004.*

**2004 WI 102**

(Also reported in 682 N.W.2d 398.)

SYKES, J., took no part.

For the plaintiffs-appellants-petitioners there was a brief by *Daniel W. Stevens* and *Stevens & Kroening, LLC,* Brookfield, and oral argument by *Daniel W. Stevens.*

For the defendant-respondent there was a brief by *Paul M. Erspamer* and *Lisko & Erspamer, S.C.,* Waukesha, and oral argument by *Paul M. Erspamer.*

¶ 1. PATIENCE D. ROGGENSACK, J. Derek Harder and Jill Harder have sought review of an order of the court of appeals dismissing their appeal for lack of jurisdiction because it was not filed within the statutorily prescribed time from the entry of the order for judgment. The Harders assert that the order for judgment was not the final order because a judgment was entered subsequently.

¶ 2. To make a timely appeal of right, a litigant must appeal from a final judgment or a final order. Wis. Stat. § 808.03(1) (2001–02).[1] We conclude that when an order or a judgment is entered that disposes of all of the substantive issues in the litigation, as to one or more parties, as a matter of law, the circuit court intended it to be the final document for purposes of appeal, notwithstanding the label it bears or subsequent actions taken by the circuit court. Because the order for judgment meets this criterion, it is a final order, and the time for appeal ran from February 28, 2003, when it was entered. Therefore, the Harders' July 8, 2003

---

[1] All subsequent references to the Wisconsin Statutes are to the 2001–02 version unless otherwise indicated.

notice of appeal, filed 130 days after the entry of the order, was untimely. Accordingly, we affirm the court of appeals.

## I. BACKGROUND

¶ 3. In 1997, Derek J. and Jill M. Harder bought a house in Oconomowoc from Carol L. Pfitzinger. Pfitzinger, a real estate agent, had purchased the house from an estate. She made some cosmetic changes and repairs, including replacing the roof, and placed it on the market. The Harders made an offer on the house, subject to a physical inspection of the property by an inspector of their choice.

¶ 4. During the inspection to which the offer to purchase was subject, the inspector discovered a number of problems, including some potential structural problems. The Harders were present during the inspection, and the inspector also discussed his findings and report with them. The Harders and Pfitzinger then amended the offer to purchase, whereby the Harders waived the inspection contingency in exchange for Pfitzinger's agreement to make specified repairs. Pfitzinger did so and the sale closed.

¶ 5. Four years after their purchase of the house, the Harders listed it for sale with Shorewest Realtors, Inc. They completed the required real estate condition disclosure form indicating the house had no major problems except for some moisture and a crack in a basement wall. The Harders received an offer; however, the buyers chose not to proceed with the transaction when a subsequent inspection revealed structural problems. The Harders then sued Pfitzinger, claiming she had been aware of various defects and had failed to disclose them.

¶ 6. Pfitzinger sued Shorewest Realtors, Inc., Mary Kay Sheridan, Ronald Novak,[2] and three insurance companies.[3] Shorewest Realtors and Sheridan then sued David J. Pfitzinger, Revere, Ltd., and Chicago Insurance Co. All defendants brought motions seeking summary judgment of dismissal. The circuit court granted the motions and signed a document labeled, "Order for Judgment" on February 28, 2003. The order was entered the same day. The order dismissed all claims against all defendants with prejudice and with costs and also stated that "the entire action is hereby dismissed with prejudice."

¶ 7. On March 26, 2003, the attorneys for Shorewest and Sheridan served a notice of entry of order on the attorneys for all other parties. The notice had attached to it the February 28, 2003 order dismissing the action. By a letter dated April 8, 2003, the attorney for Pfitzinger sent a document captioned "Judgment" to the clerk for her signature and filing, together with a bill of costs. The judgment was signed and entered by the clerk on April 22, 2003, when costs were taxed. The judgment addressed no substantive issues. The Harders filed a notice of appeal on July 8, 2003, 130 days after the February 28, 2003 order, 104 days after being served with the notice of entry of order and 77 days after the April 22, 2003 judgment taxing costs was entered. Pfitzinger moved to dismiss the

---

[2] Ronald Novak later was dismissed by stipulation of the parties.

[3] The third-party complaint listed ABC Insurance Company, XYZ Insurance Company, and EFG Insurance Company, all fictitiously named companies, pursuant to Wis. Stat. § 807.12.

appeal as untimely. The court of appeals granted the motion, and the Harders petitioned for review, which we granted.

## II. DISCUSSION

### A. Standard of Review

██

¶ 8. Deciding whether the Harders' appeal was timely involves the application of Wis. Stat. § 808.03(1). This is a question of law that we review independently of the court of appeals. *See Randy A.J. v. Norma I.J.*, 2004 WI 41, ¶ 12, 270 Wis. 2d 384, 677 N.W.2d 630.

### B. The Final Wis. Stat. § 808.03(1) Document

¶ 9. The outcome of this case turns on our determination of which of two documents constitutes the final document in the circuit court litigation: (1) the February 28, 2003 order for judgment or (2) the April 22, 2003 judgment. Because the Harders filed their appeal July 8, 2003, 130 days after entry of the order[4] for judgment and 77 days after the entry of the judgment,[5] if the order is the final order under Wis. Stat. § 808.03(1), then the Harders' appeal is untimely filed; if the judgment is the final § 808.03(1) document, then it was timely.[6]

¶ 10. Wisconsin Stat. § 808.03(1) provides in relevant part:

---

[4] Wisconsin Stat. § 807.11(2) provides, "An order is entered when it is filed in the office of the clerk of court."

[5] Wisconsin Stat. § 806.06(1)(b) states, "A judgment is entered when it is filed in the office of the clerk of court."

[6] An appeal of right must be filed within 45 days after the entry of the final order or judgment if notice of entry of order or judgment was given within 21 days after the entry of the order

> APPEALS AS OF RIGHT. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding . . .

The dispositive phrase in § 808.03(1) is that which defines a final order or judgment as one that "disposes of the entire matter in litigation as to one or more of the parties." Therefore, we must set forth the meaning of this phrase and apply it to answer the question presented by this appeal.

¶ 11. The Harders claim Wis. Stat. § 808.03(1) is ambiguous because it reasonably permits more than one interpretation. They contend that under § 808.03(1) a reasonable person could conclude that the time for appeal begins to run either from when an order is entered *or* from when a judgment is entered. Pfitzinger does not argue statutory construction principles, but instead, goes directly into a review of prior cases that have interpreted specific orders or judgments when applying § 808.03(1). We conclude that Pfitzinger's approach is the correct one for at least two reasons: First, the focus of § 808.03(1) is not on the label a document bears, but rather it is on what the document does; and second, we already have interpreted the phrase, "disposes of the entire matter in litigation," in numerous cases, such that if it ever were ambiguous, it can no longer be construed as such. *See State v. Tuescher,* 226 Wis. 2d 465, 471, 595 N.W.2d 443

---

or judgment, or within 90 days of the entry of the order or judgment if no written notice of entry was given. Wis. Stat. § 808.04(1).

(Ct. App. 1999). Therefore, the final decision in this case does not require us to determine anew what § 808.03(1) means. Rather, our decision turns on the application of § 808.03(1) to the two documents in question.

¶ 12. Our past decisions show that in evaluating a given document, we have interpreted the phrase, "disposes of the entire matter in litigation" set out in Wis. Stat. § 808.03(1), as having two components: (1) whether the document is final in the sense of substantive law in that it disposes of all of the claims brought in the litigation as to one or more of the parties; and (2) whether the document is final in the sense that it is the last document that the circuit court intended to issue in the litigation. *Radoff v. Red Owl Stores, Inc.*, 109 Wis. 2d 490, 494, 326 N.W.2d 240 (1982). We have also concluded that an order may be final and appealable notwithstanding subsequent actions taken in the circuit court. *Id.* at 493; *Fredrick v. City of Janesville*, 92 Wis. 2d 685, 688, 285 N.W.2d 655 (1979). As we have explained:

> The test of finality is not what later happened in the case but rather, whether the trial court contemplated the document to be a final judgment or order at the time it was entered. This must be established by looking at the document itself, not to subsequent events.

*Fredrick*, 92 Wis. 2d at 688.

¶ 13. Furthermore, the label given a document by either the circuit court or the parties is not dispositive of the question of whether the document is a final order or judgment under Wis. Stat. § 808.03(1). *Thomas/Van*

*Dyken Joint Venture v. Van Dyken,* 90 Wis. 2d 236, 241, 279 N.W.2d 459 (1979). Rather, it is the text of the document that we must examine. *Radoff,* 109 Wis. 2d at 493; *see also Town of Fitchburg v. City of Madison,* 98 Wis. 2d 635, 647–48, 299 N.W.2d 199 (1980); *Fredrick,* 92 Wis. 2d at 688. "[I]t makes little difference whether an appeal is from an order or judgment . . . . It is essential, however, that the document being appealed has been entered . . . and is final." Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin,* § 4.1, 4–2 (3d ed. 2003) [hereinafter *Appellate Practice*].

¶ 14. It can be argued, as the Harders do, that traditionally there has been a distinction between a judgment and an order. A judgment can be seen as that document that determines an action, whereas an order usually determines a special proceeding. *See State ex rel. Hanson v. DHSS,* 64 Wis. 2d 367, 378, 219 N.W.2d 267 (1974); *Appellate Practice, supra,* § 4.2, 4–3. However, Wis. Stat. § 801.01, in applying the civil procedure chapters, including Wis. Stat. ch. 808, to all actions and special proceedings, blurs the distinction by noting that, in general, an action includes a special proceeding. Therefore, any historic distinction between an order and a judgment is not dispositive of the question presented here.

¶ 15. If there are no further documents in the circuit court's file and all substantive issues have been decided for one or more parties in an order or a judgment, there is usually less confusion about whether the time for appeal has begun to run, than when there is a subsequent court document. Our prior cases have attempted to remove confusion about when the time limits in Wis. Stat. § 808.03(1) begin to run by explaining that a party may not assume that the last document

in the file is the one that is referred to in § 808.03(1). *See Fredrick,* 92 Wis. 2d at 688. We have cautioned that the label on the document is not controlling. *Thomas/Van Dyken,* 90 Wis. 2d at 241. However, confusion has continued. Therefore, in order to clarify our past decisions in regard to determining when a document is final for purposes of § 808.03(1), we hold that when a circuit court enters an order or a judgment that decides all substantive issues as to one or more parties, as a matter of law, the circuit court intended that to be the final document for purposes of appeal, notwithstanding subsequent actions by the circuit court or the label the document bears.

¶ 16. After having clarified the meaning of Wis. Stat. § 808.03(1), we now turn our attention to the application of § 808.03(1) to the order for judgment in this case. The text of the order states, in relevant part:

The Court having considered all of the pleadings and papers of record, including all moving papers and all papers filed in opposition thereto, and having heard and considered the positions of the parties as stated during oral argument;

NOW, THEREFORE, IT IS HEREBY ORDERED, for the reasons set forth on the record at the hearing, as follows:

1. The Motion for Summary Judgment of [fourth]-party defendants David J. Pfitzinger, Revere, Ltd., d/b/a Revere Realty, Ltd. and Chicago Insurance Company be and hereby is granted, and the Fourth-Party Complaint be and hereby is dismissed with prejudice and with costs;

2. The Motion for Summary Judgment of third-party defendants/fourth-party plaintiffs Shorewest Realtors, Inc. and Mary Kay Sheridan, be and hereby is

granted, and the Third-Party Complaint be and hereby is dismissed with prejudice and with costs, which results in a dismissal without costs of the counterclaim of third-party defendants against third-party plaintiffs; and

3. The Motion for Summary Judgment of defendant/third-party plaintiff Carol L. Pfitzinger be and hereby is granted, and plaintiffs' complaint be and hereby is dismissed with prejudice and with costs.

4. The preceding orders in paragraphs one through three immediately above result in a dismissal of all claims against all parties that have been properly served, such that the entire action is hereby dismissed with prejudice, and with costs as set forth in the immediately preceding paragraphs one through three.

¶ 17. The order described the court's consideration of all pleadings, papers and oral argument, and from that consideration, the court's unequivocal order to dismiss all of the claims against each party, including the third-party and fourth-party claims, addressed all substantive issues and awarded costs to the prevailing parties. In each paragraph of the order after describing the action taken, the circuit court stated that the motion "is hereby granted" or the claim of the plaintiffs as to specified parties "is hereby dismissed." For example, paragraph four expressly provided that "all claims against all parties that have been properly served, such that the entire action is hereby dismissed with prejudice, and with costs." In so stating, the circuit court addressed the substantive issues as final decisions, with nothing left to be decided as a matter of substantive law. The only task that remained after the

circuit court issued the order for judgment[7] was the determination of the amount of costs. This is generally a function of the clerk of court that does not further involve decision making[8] by the circuit court, *see* Wis. Stat. § 814.10(1), nor does it affect the finality of the order. *See, e.g., Campbell v. Campbell,* 2003 WI App 8, ¶ 7, 259 Wis. 2d 676, 659 N.W.2d 106 (indicating that a judgment disposing of a claim is final though a request for costs is pending); *see Appellate Practice, supra,* § 4.7, 4–5 (indicating that a document is final if the judgment or order "leave[s] nothing to be done except taxing of costs and disbursements and enforcement by execution");[9] *Thomas/Van Dyken,* 90 Wis. 2d at 243 (conclud-

---

[7] The April 22, 2003 judgment from which the Harders appealed is only one paragraph in length and references the earlier order for judgment as the document that ended the litigation. The judgment provides:

> The Court having issued its Order for Judgment, judgment is hereby entered in favor of plaintiff [sic], Carol L. Pfitzinger, and her attorneys . . ., and against defendants [sic], Derek J. Harder and Jill M. Harder, jointly and severally, for dismissal of all claims, on the merits and with prejudice, together with statutory attorneys fees and taxable costs of $955.36.

The judgment does not mention, except by reference to the order for judgment, the disposition of any of the third-party and fourth-party claims.

[8] There are times when the bill of costs is contested, as it was here in regard to the expert witness fees sought. However, that subsequent determination, even when made by the circuit court, does not change what we hold was the intent of the circuit court. *See Campbell v. Campbell,* 2003 WI App 8, ¶ 7, 259 Wis. 2d 676, 659 N.W.2d 106.

[9] Wisconsin Stat. § 806.06(1)(c) states, "A judgment is perfected by the taxation of costs and the insertion of the amount thereof in the judgment." Perfection of a judgment is required for a party to execute the judgment, *see* § 806.06(4), but it has

ing a judgment is final for purposes of appeal when it disposes of the entire action, "precluding further proceedings except enforcement by execution"). Accordingly, because it decided all substantive issues as to one or more parties, we conclude that the circuit court intended the February 28, 2003 order for judgment to be the final document for purposes of appeal, even though it was not the final document in the circuit court's file.

¶ 18. Although we have suggested that careful drafting, including a statement in the final order or judgment that it is the final document for purposes of appeal would help avoid concerns about finality, *Radoff,* 109 Wis. 2d at 494–95, this issue has continued to be problematic because our advice has not been followed. It appears to us that the person aggrieved by the final order or judgment may have the larger incentive to ascertain with certainty when the time for appeal begins to run because the right of appeal will be lost if documents are misconstrued, as happened in this case. Accordingly, we stress again the desirability of drafting the final document—be it an order or judgment—to specifically state that it is intended to be the final document in the litigation for purposes of appeal. However, even if it does not so state, we will conclude, as a matter of law, that the circuit court intended it to be the final document for purposes of appeal when it decides all substantive issues as to one or more parties, notwithstanding the label it bears or subsequent actions taken by the circuit court.

---

no impact on the party's right to appeal. Pursuant to Wis. Stat. § 808.04(1), the judgment need only be entered.

## III. CONCLUSION

¶ 19. We conclude that when an order or judgment is entered that disposes of all of the substantive issues in the litigation, as to one or more parties, as a matter of law, the circuit court intended it to be the final document for purposes of appeal, notwithstanding the label it bears or subsequent actions taken by the circuit court. Because the order for judgment meets this criterion, it is a final order, and the time for appeal ran from February 28, 2003, when it was entered. Therefore, the Harders' July 8, 2003 notice of appeal, filed 130 days after the entry of the order, was untimely. Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 20. DIANE S. SYKES, J., did not participate.